

**VIA ECF**
Hon. Cheryl Pollak

July 7, 2022

Re:  Sanchez v. Furniture Ent. Inc et al bearing Docket No.: **22-CV-2284 (LDH)(CLP)**

Your Honor,

  This firm represents Plaintiff Ramirez in the above-referenced matter.  Plaintiff writes jointly with Defendants to request Court approval of his settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

  The Parties have agreed to a Settlement Agreement and General Release for the plaintiff ("the Agreement"), attached hereto as Exhibit A, which resolves all of Plaintiff's wage and hour claims against Defendants.  Plaintiff has agreed to settle all his claims in this action.  The Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.

  The Agreement is the result of arms-length bargaining between the Parties and reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff Ramirez' claims asserted in this case as outlined more specifically in the attached Agreement.  The parties believe that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

The Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

  **I.** **Statement of the Case**

  This is an action for money damages brought by Plaintiff Ramirez.  Plaintiff filed a Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Plaintiff alleges Defendants engaged in a wide variety of FLSA and NYLL

Hon. Cheryl Pollak
Eastern District of New York
June 28, 2022
Page 2

violations, including failure to pay him appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).

**Defendants' Position**

Defendants deny the allegations. Most importantly, Defendants asserted the defense that Plaintiff was exempt from overtime pursuant to the Motor Carrier Act. Specifically, he loaded/unloaded DOT regulated trucks for deliveries that travelled interstate. This included unloading vendor trucks from out of state & loading Defendants' trucks that travelled interstate. Defendants produced sample invoices and EZ-Pass records in support of this position during settlement negotiations. Moreover, Plaintiff could have been called at any time to work as a helper on a delivery truck that travelled interstate (he filled in if somebody was out or as needed). Thus, if the parties had litigated this case and Defendants prevailed on the issue, Plaintiff would not be entitled to any unpaid wages or statutory penalties under the Wage theft Prevention Act.

Additionally, Defendants' position was that Plaintiff did not start his employment until the latter part of 2017, not 2016 as he alleges. Furthermore, the damage computations provided by Plaintiff included damages through the end of 2022, although he alleged that his employment ended as of April 16, 2022.

Furthermore, Plaintiff did not work every week during the claims period. For example, Plaintiff was out for 2 months (for which he was paid), at the outset of the Covid-19 Pandemic Furthermore, Plaintiff took vacation each year & had other days off (PTO/sick leave, etc.). Also, the company was closed for business on Yom Kippur, New Year's Day, Christmas and Easter.

Concerning hours, it is Defendants' position that Plaintiff was scheduled to work 9-6 p.m. less a lunch break (8 hours/day). Thus, at best, he worked 48 hours per week, not 60 as he alleges. Defendants did not have any actual or constructive knowledge of any other hours.

The Parties acknowledge there are risks to both sides in proceeding with litigation, as well as significant burdens and expenses in establishing their respective positions through a trial.

**II. The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay Plaintiffs a total sum of $20,000 to settle all hisclaims. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Here, the Parties' counsel engaged in extensive electronic

Hon. Cheryl Pollak
Eastern District of New York
June 28, 2022
Page 3

settlement negotiations and were able to come to an agreement in a relatively short amount of time.

Plaintiffs believe that this settlement is a fair and adequate result, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed them to avoid the uncertainties of trial.

### III. Plaintiffs' Attorney's Fees are Fair and Reasonable

Under the settlement, the Plaintiffs' counsel will receive $6,666.67 from the total settlement amount as attorney's fees. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement. This amount will be payable in three (3) installments as described in the agreement. Defendants have agreed to a confession of judgment for the full amount minus any payments made to be held in escrow until the payment is made in full.

The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). There is ample authority in this circuit holding that a 33.33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. See Castaneda v. My Belly's Playlist LLC. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation).

Given Plaintiffs' counsel's significant experience representing plaintiffs in New York in wage and hour litigation, the Plaintiffs' counsel obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Stillman has been practicing law since 2012. Prior to forming Stillman Legal, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.
> Miss Stillman speaks fluent Spanish, Italian and Portuguese and is able to translate and communicate with all her clients without the need of a translator.

Hon. Cheryl Pollak
Eastern District of New York
June 28, 2022
Page 4

    She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel and the New York Chapter of the National Employment Lawyers Association.

**Conclusion**

    The plaintiff was represented by counsel throughout this lawsuit, and plaintiff's counsel has agreed to the settlement amount based on the approval of her client Mr. Ramirez. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable and that the settlement should be approved.

    Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The Parties thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/Lina Stillman