UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ABEL RAMIREZ SANCHEZ,

                          Plaintiff,

             -against-                                                    **ORDER**

FURTNITURE    ENT.    INC    (D/B/A                          22 CV 2284 (CLP)
FURNITURE    CENTER)    and    DANIEL
ROZEN (AKA DAN ROZEN)

                          Defendants.

--------------------------------------------------------X

**POLLAK**, Chief United States Magistrate Judge:

On April 21, 2022, plaintiff Abel Ramirez Sanchez commenced this action by filing a

Complaint against Furniture Ent. Inc ("Furniture Center") and Daniel Rozen ("Rozen")

(collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq., and the New York Labor Law ("NYLL") §§ 190 et seq. and 650, et seq.

(Compl.[1]).  Plaintiff claims that defendants failed to compensate him for overtime wages and

failed to provide him with proper wage notices and wage statements.  (Ltr.[2] at  1–2).

On July 7, 2022, the parties filed a joint motion for settlement approval.  (ECF No. 15).

On July 22, 2022, this Court held a fairness hearing on the motion, pursuant to Cheeks v.

Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015).  In light of the discussion held during the

hearing, on August 4, 2022, plaintiff, together with defendants, submitted a settlement agreement

stipulation on August 4, 2022, amending the language of the release clause.  By October 24,

---

[1] Citations to "Compl." refer to the Complaint filed on April 21, 2022, ECF No. 1.
[2] Citations to "Pl.'s Ltr." refer to plaintiff's letter motion for settlement approval, filed with the Court on July 7, 2022, ECF No. 15.

1

2022, the parties submitted their consent to jurisdiction by Magistrate (see ECF Nos. 17, 18), [3] which was then approved by the district court on October 27, 2022. (ECF No. 19).

For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable and approves plaintiff's request for attorney's fees. Although the Complaint was filed as a putative class and collective action, no certification had been sought or granted, and no opt-in plaintiffs joined; therefore, the matter is being settled as to plaintiff only.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that defendant Furniture Center is a New York corporation with headquarters located at 1984 Flatbush Ave, Brooklyn, N.Y. 11234. (Compl. ¶ 4). According to plaintiff, for the years relevant to this action, Furniture Center had a gross annual income in excess of $500,000. (Id. ¶ 36). Plaintiff further alleges that individual defendant Rozen owns and operates Furniture Center. (Id. ¶ 6). Rozen "at times relevant to this litigation determined the wages and compensation of [Furniture Center's] employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees." (Id. ¶ 38).

According to plaintiff, he was employed as a stocker by defendants in their warehouse from roughly November 2016 until April 16, 2022. (Id. ¶¶ 32, 49). His job consisted of lifting and arranging heavy furniture. (Id. ¶ 60). Plaintiff regularly worked 60 hours per week from 9:00 a.m. to 7:00 p.m, Monday through Saturday. (Id. ¶¶ 57–58). From April 2016 to May 2017, plaintiff was paid $720 per week; after May 2017, it appears plaintiff was paid $900 per week. (Id. ¶ 61).

---

[3] On October 20, 2022, the parties submitted their consent to Magistrate jurisdiction, signed by both counsel, ECF No. 17; then, on October 24, 2022 the parties submitted their consent to Magistrate jurisdiction, signed by both counsel and this time indicating who each counsel represented, ECF No. 18.

According to plaintiff, defendants never paid overtime for the hours plaintiff worked above 40 hours per week.  (Id. ¶ 62).  Also, according to plaintiff, defendants did not provide him with accurate wage statements with each payment, nor did they provide him with a written notice of his rate of pay, employer's regular pay day, or other related information.  (Id. ¶¶ 63, 70, 77–78).

On July 7, 2022, plaintiff submitted a letter motion for settlement approval to the Court for review, along with the signed agreement and release ("the Agreement"), a copy of plaintiff's counsel's retainer agreement, plaintiff's counsel's timekeeping records, and plaintiff's damages calculations.  The parties propose to settle all of plaintiff's claims for a total of $20,000.  (Ltr.[4] at 2).  According to the terms of the settlement agreement, plaintiff will receive $13,333.33,[5] and plaintiff's counsel will receive a one-third contingency fee of $6,666.67.  (Ltr. at 2; Agr.[6] ¶ 3).  Along with a monetary award, as part of the consideration supporting the Agreement, plaintiff covenanted not to sue the defendants.  (Agr. ¶ 9).  On August 4, 2022, the parties submitted a stipulation asserting that the "Covenant Not to Sue" in the Agreement "shall cover only Fair Labor Standards Act and New York Labor Law Claims against Defendants up to and as of the date of execution of the 'AGREEMENT' and 'RELEASE' and not prospectively."  (ECF No. 16).

---

[4] Citations to "Pl.'s Ltr." refer to plaintiff's letter motion for settlement approval, filed with the Court on July 7, 2022, ECF No. 15.

[5] The Court notes that this amount can be calculated either by subtracting the amount of attorney's fees sought by plaintiff's counsel ($6,666.67) from the total settlement amount ($20,000) or by adding together the installments payments plaintiff is scheduled to receive according to the Agreement ($5,000 + $5,000 + $3,333.33).

[6] Citations to "Agr." refer to the Agreement and Release that the parties filed with the Court on July 7, 2022, ECF No. 15-1.

DISCUSSION

I.    Legal Standards

In determining whether to approve an FLSA settlement, courts consider whether the

agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of

statutory rights brought about by an employer's overreaching.'"  Le v. Sita Info. Networking

Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008)

(alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354

(11th Cir. 1982) (holding that, where an FLSA settlement is a reasonable compromise, the

settlement should be approved to "promote the policy of encouraging settlement of litigation")).

Courts have identified several factors to consider when determining whether a proposed

settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which
> 'the settlement will enable the parties to avoid anticipated burdens
> and expenses in establishing their respective claims and defenses';
> (3) the seriousness of the litigation risks faced by the parties;
> (4) whether 'the settlement agreement is the product of arm's-length
> bargaining between experienced counsel'; and (5) the possibility of
> fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting Medley v.

American Cancer Soc., No. 10 CV 3214, 2010 WL 3000028, at *1 (S.D.N.Y July 23, 2010)); see

also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25,

2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1)

accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if

a different settlement can be achieved; or (3) proceed with litigation."  Fisher v. SD Prot. Inc.,

948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven

though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606.  Rather, if the court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement.  Id. at 605.

       II.    Settlement Terms

        The Court finds that the terms of the Agreement are fair and reasonable.  The Court notes that the Settlement Agreement does not contain any confidentiality clauses, non-employment clauses, or non-disparagement clauses that do not contain a carve-out for truthful statements, all of which have previously been rejected by courts in this Circuit.  See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (explaining that a confidentiality clause is impermissible) (collecting cases), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016);  Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").  Specific terms are discussed in turn below.

              A.    Settlement Amount

        The total proposed settlement amount is $20,000.  (Pl.'s Ltr. at 2).  Plaintiff's damages calculations attached to his letter motion estimate that he should be owed $55,840.[7]  (Id.,

_____

        [7] In the Fairness Hearing held on July 22, 2022, plaintiff's counsel indicated that the damage estimate was $43,000 not including liquidated damages. However, in the damage calculations attached to plaintiff's letter motion,

Damage Calculation Table, ECF No. 15–5).  Defendants seem to object to certain assumptions embedded in that estimate; fundamentally, defendants argue that plaintiff was exempt from overtime pay pursuant to the Motor Carrier Act because  plaintiff loaded and unloaded vendor trucks.  (Pl.'s Ltr. at 2).  Defendants also contend that plaintiff was hired at the end of 2017, not 2016 as the damage calculations credit plaintiff for, and that the damage calculations erroneously credit plaintiff with working through the end of 2022, despite the fact that plaintiff alleged his employment ended as of April 16, 2022.  (Id.)  Defendants also explain that plaintiff would not have worked every day that the damage estimate credits him for, given sick time, holidays, and vacation.  (Id.)

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing his claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise.  See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

B.    Scope of the Release

A general release term of a settlement agreement, in which an employee must waive an employer's liability for any and all claims "known or unknown," has been found to offend Cheeks. See Lopez v. 41-06 Bell Blvd. Bakery LLC, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA); Mahalick v. PQ N.Y., Inc., No. 14 CV 899, 2015 WL 3400918, (S.D.N.Y. Apr. 30, 2015) (holding that "[t]his Court will not sanction releases in FLSA cases where the

---

the damage estimate appears to be $45,840 and it is estimated that plaintiff will recover $10,000 in liquidated damages.  (ECF No. 15-5).

parties purport to waive 'practically any possible claims that have no relationship whatsoever to wage-and-hour issues'" (quoting Camacho v. Ess-A-Bagel, Inc., No. 14 CV 2592, 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015))).  However, a release term that is limited to the wage and hour claims at issue in the relevant lawsuit does not offend Cheeks.  See Lazaro v. Liberty Car Serv., Inc., No. 19 CV 7314, 2021 WL 8317109, at *2 (E.D.N.Y. Nov. 22, 2021) (recommending approval of a revised settlement agreement where the revised agreement only released the claims asserted in the wage and hour action because "[c]ourts in this Circuit routinely approve settlement agreements in FLSA cases with release provisions limited to the claims asserted in this action") (collecting cases).

On August 4, 2022, the parties stipulated that the release term would "cover only Fair Labor Standards Act and New York Labor Law claims against Defendants."  (ECF No. 16).  The parties' release, as now limited by the stipulation, only covers wage-and-hour claims relevant to this suit, and thus, the Court finds that this release term is fair and reasonable.

     C.    Attorney's Fees and Costs

According to the proposed settlement agreement, $13,333.33 of the settlement funds will go to the plaintiff and the remaining $1,666.67 will be used to cover plaintiff's counsel's fees and costs incurred during the litigation of this case.  (Agr. ¶ 3).  Plaintiff's counsel seeks fees reflecting one-third of the net settlement amount.  (Pl.'s Ltr. at 3).  Counsel notes that fee awards amounting to one-third of the total settlement amount are routinely approved in this Circuit.  (Id. at 4).

Courts must assess the reasonableness of plaintiffs' attorney's fees, regardless of whether the fee has been negotiated as part of the settlement amount.  Beckert v. Rubinov, No. 15 CV

7

1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)).  The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."  Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (omission in original) (quoting In re Union Carbide Corp. Consumer Prods. Bus. Sec Litig., 724 F, Supp. 160, 163 (S.D.N.Y. 1989)).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002).  Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors, Cowan v. Ernest Codelia, P.C., 2001 WL 30501, at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999), and courts in this Circuit have applied a multiplier to the lodestar calculation.  E.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may also employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417–18 (2d Cir. 2010) (collecting cases). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. See Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. See Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." Beckert v. Rubinov, 2015 WL 6503832, at *2 (omission in original) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)).

Here, plaintiff was represented by Lina Stillman, a practicing attorney since 2012 and the founding member of Stillman Legal, P.C. (Pl.'s Ltr. at 3). Ms. Stillman has "significant experience representing plaintiffs in New York in wage and hour litigation." (Id.) Plaintiff's counsel seeks to be compensated by a percentage of fund award of one-third of the settlement amount, which is the award structure reflected in plaintiff's Retainer Agreement. (Id.; see also Retainer Agreement, ECF Nos. 15-3, 15-4). As this Court has noted, such an award is generally considered reasonable. Ms. Stillman also provided the Court with her timekeeping records, which indicate that she normally bills $350 per hour and that she spent 19 hours on this case, which included calls to the client, document preparation, and settlement discussions with

opposing counsel.  (Timekeeping Records, ECF No. 15-2).  Ms. Stillman calculated her lodestar would be $6,650.  (Id.)  This amount is just $17 less than the percentage of fee award, meaning that Ms. Stillman seeks an award of a lodestar multiplier that can barely be considered a 'multipler' in this context, 1.003.  Such a lodestar multiplier is well within the range of a reasonable amount.  Cf. Velandia v. Serendipity 3, Inc., 2018 WL 3418776, at *5.  Ms. Stillman does not separately seek to recover for costs spent.

Counsel was able to navigate a settlement successfully and quickly, and the settlement agreement was reached through negotiations between experienced counsel.  Thus, as plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, and upon review of the parties' submissions and in consideration of the Goldberger factors set forth above, the Court approves the agreed-upon attorney's fees.

<u>CONCLUSION</u>

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements).  The Court also finds that plaintiffs' counsel's request for fees is reasonable.

The parties are directed to file a stipulation of dismissal **by November 10, 2022.**

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:   October 27, 2022
          Brooklyn, New York

/**s**/ Cheryl L. Pollak

_____

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York